IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETE S. SANCHEZ, JR. | ) | |
| | ) | |
| v. | ) | 3-06-CV-1547-R |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Lovelady, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon entering pleas of not guilty to the offense of sexual assault as charged in the indictment in No. F96-02307-ST and the offense of robbery as charged in the indictment in No. F96-49618-QT, Sanchez was tried by a jury which found him guilty of each crime. Thereafter, the trial court found the enhancement paragraphs in the indictments to be "true" and assessed concurrent 45 year terms of imprisonment.

Petitioner appealed both convictions and on February 18, 1999, the Eleventh Court of Appeals issued its opinion affirming both.[1]  His petition for discretionary review was refused by the Texas Court of Criminal Appeals on September 29, 1999.

On June 8, 2000, Sanchez filed an application for habeas corpus relief pursuant to Art. 11.07, Texas Code Criminal Procedure which was denied by the Court of Criminal Appeals on October 17, 2001.  On December 21, 2001, he filed a motion for forensic DNA testing in the trial court.  Following a hearing on the motion the trial court found that the DNA results were inconclusive and not favorable to Petitioner.  The findings and order were appealed to the Fifth Court of Appeals, which affirmed the trial court's order on March 14, 2006.  The Court of Criminal Appeals refused his petition for discretionary review on July 26, 2006, and Sanchez filed his § 2254 petition in this court on August 23, 2006, the date on which he signed it and presumably placed it in the prison mail system.  See Spotville v. Cain, 149 F.3rd, 374, 378 (5th Cir. 1998).

In response to this court's show cause order Respondent filed his answer and copies of the prior state proceedings, and on December 13, 2006, Sanchez filed his response to the answer.

**Findings and Conclusions**: Sanchez asserts two grounds for relief in his petition: (1) that he was denied the effective assistance of counsel required by the Sixth Amendment by his trial attorney and (2) that he is innocent of the offense of sexual assault for which he was convicted in No. F96-02307-ST.

In his answer to the petition Respondent contends that relief is barred by the one-year limitation period imposed by § 2244(d)(1).  Disposition of this argument is dependent upon whether Petitioner's motion for DNA testing filed on December 21, 2001, constitutes a state proceeding

---

[1]Sanchez does not attack his robbery conviction in his § 2254 petition.

which is subject to the tolling provision set out in § 2244(d)(2).  If the December 21, 2001, motion did not toll the limitation period, it is clear that the limitation period expired in mid-May 2002.

In construing the phrase "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" appearing in § 2244(d)(2), the Supreme Court held in Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000), that: "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." (Emphasis in original).  The Court proceeded to cite the Fifth Circuit's decision in Villegas v. Johnson, 184 F.3d 467, 469-470 (5th Cir. 1999), as an example in which the court held that "[B]ased on principles of statutory construction and concerns regarding comity and exhaustion, we hold that a 'properly filed application' is one that conforms with a state's applicable procedural filing requirements."  Id. at 470 (Emphasis added).

"Article 11.07 provides the exclusive means to challenge a final conviction.  Jurisdiction to grant post conviction habeas corpus relief rests exclusively with this Court."  Board of Pardons and Paroles ex rel. Keene v. Court of Appeals for the Eighth District, 910 SW 2nd 481, 483 (Tex. Crim. App. 1995).

As distinguished from an Art. 11.07 application, Chapter 64 of the Texas Code of Criminal Procedure - Art. 64.01 to Art. 64.05 - is a prophylactic measure enacted into State law in April 2001, providing a mechanism for allowing examination of tangible items which were not subjected to previous DNA testing or when further developments in DNA testing protocols might provide more

3

accurate results which were not available when the person was convicted.[2] In some instances DNA testing pursuant to Chapter 64 may constitute compelling evidence of a convicted person's guilt while in other instances it may constitute compelling evidence of a convicted person's innocence. Between these two poles of the continuum fall testing results which are insufficient to raise a reasonable probability of guilt or of factual innocence. However, because the Texas Court of Criminal Appeals recognizes only Article 11.07 as setting out the procedure available for collaterally attacking a final state conviction, Petitioner's argument that a Chapter 64 motion for DNA testing is a recognized alternative, constituting a "properly filed application for State post-conviction or other collateral review" is without merit and therefore his petition is time-barred and should be dismissed.

In the alternative, the magistrate judge proceeds to address the merits of the claims asserted. In essence his first ground for relief is based on his claim that counsel failed to request a continuance to allow further testing of the forensic evidence taken from the rape victim. He also claims that counsel failed to properly investigate the underlying offense and to call witnesses in his defense.

The evidence presented at trial is summarized in the Eleventh Court of Appeals opinion delivered on February 18, 1999, but is more thoroughly set out in the Fifth Court of Appeals opinion issued on March 14, 2006, No. 05-00400-CR, relating to Petitioner's Chapter 64 motion for DNA testing.[3] Specifically the rape victim identified Sanchez because she knew him as a person who dated one of her friends. Petitioner was one of four men who robbed her boyfriend and was one of

---

[2] Chapter 64 is a matter of State law only and therefore fails to state a cognizable claim. See Sykes v. Dretke, 2004 WL 1856826 & 9 (N.D. Tex. 2004); § 2254(d)(1)

[3] See also the Statement of Facts in the parties' direct appeal briefs.

two of the assailants that forced her to have sexual intercourse. She further testified that she could not tell whether either Sanchez or the second rapist ejaculated inside her. She further admitted that she and her boyfriend had had sexual relations within the twenty-four hour period prior to the assault. A DNA expert called at trial testified that the laboratory results could neither confirm nor exclude the presence of Petitioner's DNA in the "vaginal swab" obtained from the victim. On February 3, 2004, the trial court granted Sanchez's motion for post-conviction DNA testing. The expert who performed the analysis confirmed the presence of DNA from the victim and her boyfriend, but could not identify the presence of DNA from another contributor. In light of the absence of any evidence that Sanchez completed the sex act with the victim, the mere absence of semen identified with him was found to be inconclusive and not favorable to him.

It is well-settled that in order to establish an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), a habeas petitioner must establish both that counsel's representation was constitutionally deficient and that he was prejudiced as a result of such infirm representation. Generally, either prong of the Strickland test may be analyzed first since both elements must be satisfied. Id. et 697, 104 S.Ct. 2052.

In order to show prejudice Sanchez must demonstrate a reasonable probability that the outcome of the guilt-innocence portion of his trial would have been different absent counsel's deficient representation. In this case the absence of Petitioner's DNA in the "vaginal swab" did not show that he did not commit the offense of sexual assault, to wit: the penetration of victim's sexual organ without her consent, particularly where the victim, as in the present case, was unable to ascertain whether her assailant ejaculated. Moreover, the victim was clear in her identification of Sanchez because of her prior acquaintance with him. Therefore, Petition has failed to establish

5

prejudice and is not entitled to relief. Moreover, he has failed to satisfy the requirements of 28 U.S.C. § 2254(d)(1) and (2) which forecloses federal habeas corpus relief.

In his second ground for relief Sanchez claims that he was in fact innocent of the charge of sexual assault. Such a claim does not state a basis for federal habeas corpus relief. See Herrera v. Collins, 506 U.S. 390, 400, 113 S.Ct. 853 (1993). Rather, a claim of actual innocence is a "gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Id at 404, 113 S.Ct. 862. In order to overcome a procedural bar "the evidence must establish substantial doubt about his guilt to justify the conclusion that [it] would be a "miscarriage of justice" to allow Petitioner's conviction to stand. Schlup v. Delo, 513 U.S. 298, 316, 115 S.Ct. 851 (1995). Standing alone, Sanchez's self-proclaimed assertion of innocence does not suffice.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be dismissed as being barred by limitations.

In the alternative, it is recommended that relief be denied on the merits.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 13th day of February, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you

must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.